UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN YOUNG, #504625,

        Petitioner,

v.

        CASE NO. 2:15-CV-14485
        HONORABLE VICTORIA A. ROBERTS

CARMEN PALMER,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING CASE,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Stephen Young ("Petitioner") filed a pro se letter addressed to the Clerk of the Court, which we treat as a habeas petition pursuant to 28 U.S.C. § 2254. It references his most recent state criminal proceedings. Michigan Department of Corrections ("MDOC") records indicate that Petitioner was convicted of felony firearm, third offense, following a bench trial in the Wayne County Circuit Court and was sentenced to 10 years in prison in 2013. *See* Offender Profile, MDOC Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=504625. In his letter, Petitioner states that he is currently pursuing collateral review in the state courts, that he intends to file a habeas petition in the future, and that he seeks to preserve his right to do so.

Petitioner's letter fails to comply with the Rules Governing Section 2254 Cases in the United States District Courts and the Federal Rule of Civil Procedure 3 or Rule 2(c) and (d). Consequently,

the Court summarily dismisses this case without prejudice. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

**II.      Discussion**

Upon the filing of a habeas petition, a district court must conduct a preliminary review to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A petition may be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 76 n.7 (1977) (internal citations omitted). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted); *see also Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (a habeas petition "must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.").

Additionally, Federal Rule of Civil Procedure 3 explains that "[a] civil action is commenced by filing a complaint." Fed. R. Civ. P. 3. "The logical conclusion, therefore, is that a habeas suit begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case." *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). Furthermore, Rule 2(c) and (d) of the Rules Governing Section 2254 Cases provide that an application for writ of habeas corpus shall be in the form of a petition which specifies each ground for relief.

Petitioner's letter does not specify any grounds for habeas relief nor does it provide the factual basis for any federal constitutional claims. It is also not in the form of a civil complaint or a habeas petition. It thus fails to comply with the Rules Governing § 2254 Cases and the Federal Rules of Civil Procedure.

### III.     Conclusion

The Court **DISMISSES** this case, without prejudice to the filing of a proper habeas petition upon the completion of state court remedies.

Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a COA. The Court also **DENIES** leave to proceed in forma pauperis on appeal; an appeal would be frivolous. Fed. R. App. P. 24(a). This case is closed.

**IT IS SO ORDERED**.


S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: January 11, 2016

3